### In re **ROBERTS CARRIER CORPORATION,**
Debtor.

**Paul E. JENNINGS, Trustee,**
**Plaintiff–Appellee,**

v.

**TAMAQUA CABLE PRODUCTS CORP.,**
**Defendant–Appellant,**

and

**United States of America,**
**Intervenor–Appellant.**

No. 3:93–0731.

United States District Court,
M.D. Tennessee,
Nashville Division.

Order Jan. 24, 1994.

Order and Memorandum Feb. 23, 1994.

Phillip Lester North and Michael F. Jameson, North, Pursell & Ramos, Nashville, TN, for defendant-appellant.

David O. Buchholz and Theodore C. Hirt, Dept. of Justice, Civ. Div., Washington, DC, for intervenor-appellant.

Paul Jennings, Trustee, pro se; Jennings, Lane & Ramer, Nashville, TN, for plaintiff-appellee.

### ORDER

WISEMAN, District Judge.

While an appeal was pending from the Bankruptcy Judge's decision and judgment in this adversary proceeding, the trustee filed a motion to dismiss the underlying action. After hearing and notice, the Bankruptcy Judge has granted the motion to dismiss. Before this Court now is a motion by the intervenor-appellant United States of America to vacate the judgment which has now been rendered moot by the dismissal. The Bankruptcy Judge's decision in the case has been reported in 157 B.R. 109 (Bankr. M.D.Tenn.1993). By this decision, the Bankruptcy Court determined that it, not the Interstate Commerce Commission, had the authority and was the proper forum for the resolution of reasonableness of rates and whether transportation by a common carrier was properly characterized as contract carriage or common carriage. Mooting of the appeal still leaves the decision of the Bankruptcy Judge outstanding for citation in other courts, when the correctness of the decision, although challenged, is no longer subject to review.

For all the foregoing reasons, the decision of the Bankruptcy Judge in this case is vacated and held for naught, and this decision vacating the same will be published.

It is so ORDERED.

### ORDER

WISEMAN, District Judge.

In accordance with the memorandum contemporaneously filed, the reference of the adversary proceeding in case numbered 392–0575A is hereby withdrawn. Having withdrawn the reference, the Court denies the Trustee's motion to dismiss, filed November 5, 1993, in the Bankruptcy Court. The Court grants the Trustee's Rule 60 motion filed in this Court to the extent that this Court's order entered January 24, 1994 (Docket Entry No. 11), is hereby modified to reflect that the Bankruptcy Court had not granted the Trustee's motion to dismiss. The portion of the January 24, 1994, order, vacating the August 13, 1993, order of the Bankruptcy Court [1] remains in full force and effect. The

---

1. The decision of the Bankruptcy Court is published in 157 B.R. 109 (Bankr.M.D.Tenn.1993). In that decision, the Bankruptcy Court determined that it, not the Interstate Commerce Commission, had the authority and was the proper forum for the resolution of rates and whether transportation by a common carrier was properly characterized as contract carriage or common carriage.

order entered November 17, 1993 (Docket Entry No. 6), granting the government's motion to intervene also remains in full force and effect.

This order and accompanying memorandum, as well as the order entered January 24, 1994, will be published in the Bankruptcy Reporter.

The Clerk is directed to send a copy of this order and accompanying memorandum to the Clerk of the Bankruptcy Court. The Clerk of the Bankruptcy Court, in turn, is directed to transmit the record in the underlying adversary proceeding to this Court. Upon receipt of the file, this Court will review the pending motions for summary judgment and enter appropriate orders thereon.

It is so ORDERED.

## MEMORANDUM

On August 13, 1993, the Bankruptcy Court entered an interlocutory order in the underlying adversary proceeding, granting the plaintiff Trustee's motion for partial summary judgment and denying referral of the contract carrier and rate reasonableness issues to the Interstate Commerce Commission (ICC). The defendant Tamaqua filed a motion for leave to appeal the August 13, 1993, interlocutory order pursuant to Rule 8001(b) and Rule 8003 of the Bankruptcy Rules, and, in addition, as required by Rule 8001(b), filed a Notice of Appeal.

During the pendency of the motion for interlocutory appeal in this Court, the United States, on behalf of the ICC, filed a motion to intervene (Docket Entry No. 2). In its brief filed in support of the motion (Docket Entry No. 5), the government argued that an appeal from the August 13, 1993, order lies as of right because that order was a final order as to the role of the ICC, or, alternatively, that this Court should grant the motion for leave to appeal the interlocutory order. No determination had been made that the appeal was as of right nor had a determination been made to grant the interlocutory appeal.

However, no response to the government's motion to intervene was filed and, on November 17, 1993, this Court granted the motion (Docket Entry No. 6).

During the pendency of the motion for interlocutory appeal and the government's motion to intervene in this Court, the Trustee filed a motion on November 5, 1993, in the Bankruptcy Court to dismiss the adversary proceeding, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, because of the insubstantial amount of money involved. Hearings were scheduled on December 14, 1994, and January 11, 1994, in the Bankruptcy Court, but no order has been entered to date. On December 9, 1993, the government filed a motion in this Court to vacate (Docket Entry No. 8) the August 13, 1993, Bankruptcy Court order. In anticipation of the Bankruptcy Court's granting of the Trustee's motion to dismiss, the government argued that, when a case becomes moot during the pendency of an appeal, the judgment from which the appeal was taken should be vacated. No response to the government's motion was filed, and, on January 24, 1994, this Court granted the government's motion and vacated the August 13, 1993, order of the Bankruptcy Court (Docket Entry No. 11).

On February 3, 1994, the Trustee filed a motion pursuant to Rule 60(a) of the Federal Rules of Civil Procedure (Docket Entry No. 12), pointing out that the Bankruptcy Court had not granted the motion to dismiss as of the date of entry of the order and that the motion for interlocutory appeal had not been granted.[1]

Because of the procedural confusion that has developed in this case and because the underlying issue involved will reach this Court in one form or other, this Court determines that the most appropriate course of action would be to withdraw the reference of this adversary proceeding, pursuant to 28 U.S.C. § 157(d). Having withdrawn the reference, the Court denies the Trustee's motion to dismiss, filed November 5, 1993, in

---

1. In his motion, the Trustee asserts that the record on appeal was filed with this Court on November 18, 1993. In fact, the certified record on appeal has never been transmitted to this Court. The November 18, 1993, supplemental transmittal only included defendant/appellant Tamaqua's motion filed in the Bankruptcy Court for stay of the Bankruptcy proceedings pending appeal and the order of the Bankruptcy Court denying that motion.

the Bankruptcy Court. The Court grants the Trustee's Rule 60 motion filed in this Court to the extent that this Court's order entered January 24, 1994, should be modified to reflect that the Bankruptcy Court had not granted the Trustee's motion to dismiss. However, the portion of the January 24, 1994, order that vacates the August 13, 1993, order of the Bankruptcy Court remains in full force and effect. The order entered November 17, 1993 (Docket Entry No. 6), granting the government's motion to intervene in this case also remains in full force and effect. This memorandum and accompanying order, as well as the order entered January 24, 1994, will be published in the Bankruptcy Reporter.

An appropriate order will enter.